United States District Court
Southern District of Texas
**ENTERED**
May 27, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARIA BRITO, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-22-00799 |
| § | |
| SABEENA RAHMAN and BILAL ZAFAR, § | |
| § | |
| Defendants. § | |

## MEMORANDUM & OPINION

Maria Brito filed this civil action against her former employers, Sabeena Rahman and Bilal Zafar, alleging violations of the Fair Labor Standards Act.[1] (Docket Entry No. 10). Brito was a full-time, live-in nanny for Rahman and Zafar's two children. (*Id.*, at 3). Brito alleges that Rahman and Zafar paid her for only 40 hours of work each week at $15.62 per hour, even though she routinely worked "100 or more hours." (*Id.*, at 5). Brito alleges that because she "was actually working 100 or more hours [each week]—only forty of which were paid—[her] regular rate of pay fell below the statutory minimum wage." (*Id.*).

Brito also alleges that Rahman and Zafar retaliated against her by firing her after she complained about not being paid for the hours worked, leaving her homeless and without employment. (*Id.*, at 6). When Brito hired counsel and continued to demand payment for unpaid hours, Rahman and Zafar sued Brito in Texas state court, alleging that she was physically and emotionally abusive to their children. Brito alleges that the state court lawsuit—which was filed

---

[1] Brito's complaint refers to the defendant as "Bilal Zafar." The defendants have occasionally, but inconsistently, referred to the defendant as "Bilal Safar." (*See* Docket Entry No. 8; *but see* Docket Entry No. 14). Absent further guidance from the parties, the court uses the spelling "Zafar."

two days before this civil action—"is baseless and intended to destroy Brito's twenty-plus year career in childcare." (*Id.*, at 7).

Rahman and Zafar moved to dismiss.[2] Based on the motion, the response, and the applicable case law, the court denies the motion, for the reasons set out below.

**I.      The Standard for a Rule 12(b)(6) Motion to Dismiss**

Under Rule 12(b)(6), a federal court dismisses a complaint if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). In reviewing a Rule 12(b)(6) motion, the court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014). "A court reviewing a motion to dismiss under Rule 12(b)(6) may consider '(1) the facts set forth in the complaint, (2) the documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201.'" *DZ Jewelry, LLC v. Certain Underwriters of Lloyds London*, No. H-20-3606, 2021 WL 1232778 (S.D. Tex. Mar. 21, 2021) (quoting *Inclusive Cmtys. Proj., Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019)).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must include "more than labels and conclusions, and a formulaic recitation of the

---

[2] Rahman and Zafar moved to dismiss Brito's original complaint, which also included a claim for failure to pay overtime. (Docket Entries Nos. 1, 8). Brito amended her complaint to remove her claim for overtime pay, leaving her claims for failure to pay minimum wage and retaliation. (Docket Entry No. 10). Brito argued that the amended complaint mooted the motion to dismiss, (Docket Entry No. 11), but Rahman and Zafar asked the court to consider the motion to dismiss as applying to Brito's amended complaint, (Docket Entry No. 12). This court gave Brito additional time to respond to the motion, (Docket Entry No. 13), and now applies the motion to dismiss to Brito's amended complaint.

elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555).

## II.     Analysis

Brito raises two FLSA claims in her amended complaint. First, Brito alleges that Rahman and Zafar willfully violated the FLSA by knowingly paying Brito less than minimum wage. Second, Brito alleges that Rahman and Zafar violated the FLSA by retaliating against her when she complained. The claims are addressed in turn.

### A.     Failure to Pay Minimum Wage

The FLSA requires employers to pay their employees a minimum hourly wage of $7.25. *See* 29 U.S.C. § 206(a). To state a claim for a violation of the FLSA for failure to pay minimum wage under § 206, a plaintiff must allege facts showing that: (1) she was employed by the defendant; (2) she was engaged in commerce or in the production of goods for commerce; (3) she was not compensated for all hours worked during each work week at a rate equal to or greater than the minimum wage; and (4) no exemption in 29 U.S.C. § 213 applied. Brito alleges that her nanny job began in July 2021 and ended in January 2022. The job she describes is one covered by the FLSA as employment of an employee "engaged in domestic service." *See* 29 U.S.C. § 206(f). Brito alleges that she was paid for only 40 hours of work each week at $15.62 per hour, even though she routinely worked over 40 hours. Brito alleges that "Rahman and Zafar often required

Brito work twenty-four hours per day for five or six days per week but did not pay her for all of those hours." Brito alleges that "she was actually working 100 or more hours" each week. (Docket Entry No. 10, at 4–5).

As a live-in nanny, Brito is not entitled to be paid for time that she used for normal private pursuits, such as eating, sleeping, and entertaining. *See* 29 C.F.R. § 785.23.

> Under the FLSA, the general test for measuring whether time is compensable is whether the time is spent "predominantly for the employer's benefit." In the context of an employee who resides on the employer's premises, the FLSA establishes a presumption that time not spent in actual physical or mental exertion is not compensable. . . . [A]n employee may exclude payment for . . . periods of inactivity that occur . . . because the employee is generally able to carry on a normal routine of living during such periods.

*Barraza v. Pardo*, No. 12-23868-CIV, 2015 WL 4450069, at *3 (S.D. Fla. July 20, 2015), *aff'd* No. 15-13660, 2016 WL 4435617 (11th Cir. Mar. 10, 2016).

Although the court accepts all well-pleaded facts as true at the motion to dismiss stage, it is highly implausible that Brito worked "twenty-four hours per day for five or six days per week." If true, this would mean that Brito only slept one day of the week. But Brito's employers—Rahman and Zafar—are both doctors, (*see* Docket Entry No. 10, at 3), and it is plausible that Brito was asked to be available to respond to the children if needed, and to do so, even if in the middle of the night. Whether Brito was engaging in normal private pursuits, such as sleeping, which are ordinarily not compensated for, or whether she was working, is a question of fact that cannot be resolved at the motion to dismiss stage.

Brito has alleged that she was paid for only 40 hours of work each week and not paid for any additional hours.[3] This is sufficient to state a claim for failure to pay minimum wage under the FLSA.

---

[3] Some courts have used "the workweek as the measuring rod for compliance with the minimum wage provisions of the FLSA," by looking at whether the total amount paid during the workweek, divided

4

B.      Retaliation

Brito alleges that after she repeatedly complained to Rahman and Zafar about missing wages, Rahman and Zafar retaliated against her by firing her right before she was supposed to leave for a scheduled vacation. Brito also alleges that Rahman and Zafar sued her in state court on "baseless claims" in retaliation for her requests for pay.

To plausibly state a *prima facie* claim for retaliation under the FLSA, Brito must allege "(1) participation in a protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action." *Starnes v. Wallace*, 849 F.3d 627, 631–32 (5th Cir. 2017). "To engage in a protected activity, the plaintiff must make a complaint." *Id.* at 632 (quotation marks omitted). "In order for an employee's communication to constitute a 'complaint,' the 'employer must have fair notice that an employee is making a complaint that could subject the employer to a later claim of retaliation' and the 'complaint must be sufficiently clear and detailed for a reasonable employer to understand it . . . as an assertion of rights protected by the [FLSA] and a call for their protection.'" *Lasater v. Texas A&M Univ.-Commerce*, 495 F. App'x 458, 461 (5th Cir. 2012) (quoting *Kastan v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011)). "An oral complaint may satisfy this standard." *Id.*

Rahman and Zafar argue that Brito's retaliation claim must be dismissed because "[Brito] does not allege that she made any official complaints or instituted any official proceedings with the [Department of Labor] prior to instituting this lawsuit." (Docket Entry No. 8-1, at 9). This

---

by the number of hours worked, averages to an amount at or above the minimum wage. *See, e.g.*, *Sandoz v. Cingular Wireless, LLC*, Case No. 07-1308, 2013 WL 1290204, at *7 (W.D. La. 2013). Rahman and Zafar paid Brito $8.37 over minimum wage for the 40 hours that they paid her. If Rahman and Zafar paid Brito $15.62 for 40 hours of work, Brito made $624.80 per week. This equates to approximately 86.18 hours of minimum wage salary ($7.25) per week. Brito alleges that she often worked more than 100 hours per week, meaning that Brito has alleged a deficit of around 14 hours of minimum-wage pay for each week that she worked 100 hours.

5

argument is without merit. Brito is not required to make a complaint to the Department of Labor or to make an "official complaint" with her employer. Instead, Brito can plausibly allege an FLSA retaliation claim by pleading that she made an oral complaint to her employers that was "sufficiently clear and detailed for a reasonable employer to understand it."

Brito alleges that she "complained to Rahman and Zafar about her long hours and the resulting under-compensation multiple times," and that "Rahman and Zafar continued the pay practice(s) complained of by Brito without investigation after being put on notice that the pay practice(s) violated the FLSA." (Docket Entry No. 10, at 5–6). These allegations plausibly support that Brito made an oral complaint to her employers that alerted them to their failure to pay her for the work that she was performing.

Rahman and Zafar also argue that "even if [Brito] had alleged sufficient internal, oral complaints, she has not plead any facts sufficient to establish that Defendants' reasons for terminating her were pretextual." (Docket Entry No. 8-1, at 10). Rahman and Zafar attach Rahman's state court complaint against Brito to their motion to dismiss, which contains the following allegations:

> In July 2021, Plaintiff hired Defendant Ms. Brito as a nanny to take care of her two young children. Defendant failed to perform her duties as agreed upon with Plaintiff and as outlined in her employment contract. Over time, Defendant Ms. Brito became increasingly negligent in her care of Plaintiff's children. In fact, Defendant became physically and emotionally abusive toward Plaintiff's children, which necessitated her immediate termination by Plaintiff.

(Docket Entry No. 8-3, at 2).

The court may take notice of the fact that Rahman has sued Brito for negligence and breach of contract in state court, and that she has alleged that she fired Brito for being negligent and abusive toward her children (although the complaint lacks any more allegations than what is quoted above). But the court may not consider the state-court detailed allegations for their truth.

Instead, Rahman's state-court complaint raises a factual dispute: did the defendants fire Brito because of her behavior toward their children, or did they fire Brito because of her requests for minimum-wage pay?

At the motion to dismiss stage, the court accepts Brito's factual allegations as true. Based on those allegations, Rahman and Zafar fired her in response to her complaints about their failure to pay her at least minimum wage for her hours worked. These allegations are sufficient to state a claim for relief under the FLSA.

Finally, Brito alleges that Rahman and Zafar retaliated against her by suing her in state court after she refused to "accept[] a small sum of money to release her claim(s) for unpaid wages." (Docket Entry No. 10, at 6). But, as Brito alleges, this action took place "[f]ollowing Brito's termination." (Docket Entry No. 10, at 6). The FLSA protects an employee against retaliation that results in an adverse employment action. Rahman and Zafar's actions after Brito was already fired cannot constitute an adverse employment action. Brito may proceed on her retaliation claim limited only to her allegation that she was fired for complaining about being underpaid, not to her allegation that Rahman and Zafar retaliated against her by suing her in state court on "baseless claims."

### III. Conclusion

The defendants' motion to dismiss, (Docket Entry No. 8), is denied. The court will enter a scheduling order at the initial conference on **June 1, 2022**, at **2:50 PM**, by Zoom.

SIGNED on May 27, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge